THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:05-CR-131-1-FL(3)
5:05-CR-131-2-FL(3)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ISAAC LEE WOODS and REGINA ) | |
| BAILEY WOODS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This Cause comes before the Court upon the following motions filed by Defendants:

1) Motion for New Trial [DE-304];

2) Motion to Reconsider [DE-307];

3) Motion to Appeal Magistrate Order [DE-308];

4) Motion to Correct [DE-316];

5) Motion to unseal [DE-317];

6) Motion to Reconsider [DE-318];

7) Motion to Appeal Magistrate Order [DE-319];

8) Motion to Vacate [DE-329];

9) Motion to quash [DE-330];

10) Motion to quash [DE-331]; and

11) Motion to expedite response [DE-341].

These motions have been referred to the undersigned for disposition [DE-351]. The Government

has responded to these motions [DE-350], and they are now ripe for adjudication.

After a jury trial, Defendants were convicted of multiple counts of, *inter alia*: identity theft, wire fraud, and money laundering [DE-126]. On April 30, 2007, Defendant Isaac Lee Woods was sentenced to a term of imprisonment of 84 months and Defendant Regina Bailey Woods was sentenced to a term of imprisonment of 24 months [DE's 207-208]. These judgments were affirmed by the Fourth Circuit on October 8, 2008 [DE-275]. Specifically, the Fourth Circuit "reviewed the record . . . and . . . found no meritorious issues for appeal" [DE-275].

Since the affirmation of their convictions, Defendants have continued to file numerous motions–including the ones currently before the undersigned. Several of the instant motions are not accompanied with a memorandum in support and could be summarily denied pursuant to Local Civil Rule 7.1(d), EDNC.. Furthermore, these motions also contain various requests (for additional discovery, or to unseal records, for example) which either have no legal basis or are now moot.

Although many of Defendants' requests are improperly filed or moot, Defendants also seek, *inter alia*: 1) a new trial; 2) a correction of their sentences; and 3) an order vacating their convictions. Many of the motions assert that the Government and/or this Court have violated Defendants' right to Due Process pursuant to the United States Constitution.

In short, each of these motions could be construed as seeking relief which could only be granted pursuant to 28 U.S.C. § 2255. However, none of these motions are captioned in a manner specifically indicating they have been filed pursuant to 28 U.S.C. § 2255, nor do they comply with the Rules Governing § 2255 proceedings.

In United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002) the Fourth Circuit stated that:

> if a prisoner files a motion that is not denominated a § 2255 motion and the court at its option prefers to convert it into the movant's first § 2255 motion, the court shall

> first advise the movant that it intends to so recharacterize the motion. The court shall also notify the movant of the § 2255 restrictions on second or successive motions, the one-year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. The notice to the movant shall set a reasonable amount of time for the prisoner to respond to the court's proposed recharacterization and shall advise the prisoner that failure to respond within the time set by the court will result in the original motion being recharacterized as a § 2255 motion. And, of course, if the movant does not respond within the time set by the court, the court may proceed with its recharacterization of the motion.
> Emmanuel, 288 F.3d at 649.

These prophylactic measures were established because:

> The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), dramatically transformed the landscape of post-conviction relief proceedings. Among the AEDPA's more significant provisions is its stringent limitation on a federal prisoner's ability to bring a "second or successive" post-conviction motion pursuant to § 2255. See 28 U.S.C.A. § 2255. Specifically, a prisoner may only bring a second or successive § 2255 motion in one of two circumstances: the prisoner must either (1) have newly discovered evidence, or (2) be relying on a new rule of constitutional law that the Supreme Court has made retroactively applicable to collateral proceedings. See id.
> Emmanuel, 288 F.3d at 647.

Ultimately, however, the decision whether to convert a motion into the movant's first § 2255 motion is "at [the Court's] option." Emmanuel, 288 F.3d at 649. Here, IT IS RECOMMENDED that the Court decline to construe Defendants' motions as 28 U.S.C. § 2255 petitions. Rather, if Defendants wish to invoke this Court's jurisdiction under 28 U.S.C. § 2255, IT IS RECOMMENDED that Defendants be instructed to do so unequivocally and in accordance with the rules governing such actions as well as the local rules of this Court. *Cf.* Linder v. Friedman, 2008 WL 80228 (E.D.Va. January 7, 2008); United States v. Broadway, 2006 WL 5444359 (E.D.Va. November 6, 2006); Castro v. United States, 2005 WL 1868931 (M.D.N.C. August 3, 2005). Likewise, any motion under 28 U.S.C. § 2255 must conform to the form prescribed by the rules governing such motions and be sworn to under penalty of perjury. See Rules 2(b)&(c), Rules Governing § 2255 Proceedings. Therefore, it is also RECOMMENDED that the Clerk be

DIRECTED to forward to Defendants the proper forms for filing a motion under 28 U.S.C. § 2255.

**Conclusion**

For the aforementioned reasons, it is HEREBY RECOMMENDED that the motions at docket entries 304, 307, 308, 316, 317, 318, 319, 329, 330, 331 and 341 be DENIED WITHOUT PREJUDICE and that Defendants be instructed, if they wish them to be considered further, to file them pursuant to 28 U.S.C. § 2255 and in accordance with the rules governing such actions as well as the local rules of this Court. It is further RECOMMENDED that the Clerk be DIRECTED to forward to Defendants the proper forms for filing a motion under 28 U.S.C. § 2255.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 13th day of April, 2009.

_____
William A. Webb
U.S. Magistrate Judge