THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:05-CR-131-1-FL(3)
 5:05-CR-131-2-FL(3)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs. )<br>) | ORDER |
| ISAAC LEE WOODS and REGINA )<br>BAILEY WOODS, )<br>)<br>    Defendants. ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of United States Magistrate Judge William A. Webb (DE # 354), regarding the following motions filed by defendants:

    1) Motion for New Trial (DE # 304);

    2) Motion to Reconsider (DE # 307);

    3) Motion to Appeal Magistrate Order (DE # 308);

    4) Motion to Correct (DE # 316);

    5) Motion to Unseal (DE # 317);

    6) Motion to Reconsider (DE # 318);

    7) Motion to Appeal Magistrate Order (DE # 319);

    8) Motion to Vacate (DE # 329);

    9) Motion to Quash (DE # 330);

10) Motion to Quash (DE # 331); and

11) Motion to expedite response (DE # 341).

In the M&R, the magistrate judge recommends that each of these motions be denied without prejudice, and that the clerk be directed to forward defendants the proper forms for filing a motion under 28 U.S.C. § 2255. Defendants have filed objections to the M&R (DE # 359). In addition, after the magistrate judge entered his M&R, defendants filed the following additional motions:

1) Motion for New Trial and Release on Bail (DE # 355);

2) Motion to Expedite (DE # 356); and

3) Motion to Quash (DE # 358).

The government has not responded to this motions, however, the government is no longer required to respond to defendants' filings unless specifically ordered to do so by the court (DE # 346). Therefore, the issues raised in each of the above listed motions are ripe for ruling.

STATEMENT OF THE CASE

After a jury trial, defendants were convicted of multiple counts of, *inter alia*: identity theft, wire fraud, and money laundering (DE # 126). On April 30, 2007, defendant Isaac Lee Woods was sentenced to a term of imprisonment of 84 months and defendant Regina Bailey Woods was sentenced to a term of imprisonment of 24 months (DE ## 207-208). These judgments were affirmed by the Fourth Circuit on October 8, 2008 (DE # 275). Following the affirmation of their convictions, defendants have continued to file a multitude of motions in this court.

ANALYSIS

As noted by the magistrate judge, these motions could be construed as seeking relief which could only be granted pursuant to 28 U.S.C. § 2255. However, none of these motions are captioned in a manner specifically indicating they have been filed pursuant to 28 U.S.C. § 2255, nor do they

2

comply with the Rules Governing § 2255 proceedings.

In United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002) the Fourth Circuit stated that:

> if a prisoner files a motion that is not denominated a § 2255 motion and the court at its option prefers to convert it into the movant's first § 2255 motion, the court shall first advise the movant that it intends to so recharacterize the motion. The court shall also notify the movant of the § 2255 restrictions on second or successive motions, the one-year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. The notice to the movant shall set a reasonable amount of time for the prisoner to respond to the court's proposed recharacterization and shall advise the prisoner that failure to respond within the time set by the court will result in the original motion being recharacterized as a § 2255 motion. And, of course, if the movant does not respond within the time set by the court, the court may proceed with its recharacterization of the motion.

Emmanuel, 288 F.3d at 649. Ultimately, however, the decision whether to convert a motion into the movant's first § 2255 motion is "at [the Court's] option." Emmanuel, 288 F.3d at 649. In his M&R, the magistrate judge recommends that the court decline to construe defendants' motions as 28 U.S.C. § 2255 petitions. Defendants fail to advance any sound legal basis for rejecting this recommendation in their objections. (DE # 359)

## CONCLUSION

For the reasons stated herein, the memorandum and recommendation of the magistrate judge (DE # 354) is ADOPTED. The motions at docket entries 304, 307, 308, 316, 317, 318, 319, 329, 330, 331 and 341 be DENIED WITHOUT PREJUDICE. For the same reasons, the motions at docket entries 355, 356, and 358 are also DENIED WITHOUT PREJUDICE. If defendants re-file any of the instant motions, they are HEREBY ORDERED to file them in accordance with the rules governing 28 U.S.C. § 2255 actions as well as the local rules of this court. Failure to abide by this directive will lead to the summary denial of any future motions. Likewise, any future motions which fail to abide by the Local Rules of this court shall also be summarily denied. Finally, the clerk is

3

directed mail defendants the proper forms for filing a motion under 28 U.S.C. § 2255 in this court.

SO ORDERED, this the 14th day of May, 2009.

_____
LOUISE W. FLANAGAN
Chief United States District Judge