IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:05-CR-00131-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ISAAC LEE WOODS AND )<br>REGINA BAILEY WOODS, )<br>)<br>Defendants. ) | **ORDER and MEMORANDUM<br>and RECOMMENDATION** |

This matter is before the Court on the objection to garnishment, request for exemption, and request for transfer to the Middle District and hearing filed by Defendants, Isaac Woods and Regina Woods, and Petitioner, Ella R. Woods. [DE-460, 511, 520.] The government responded [DE-506, 519], and the Court held a hearing on the motions on March 9, 2010, at which counsel for the government, Regina Woods with counsel, and Ella Woods were present and Isaac Woods participated by telephone. These matters are ripe for decision.

**I.    Transfer**

Defendants assert that this action should be transferred to the Middle District of North Carolina for hearing on these issues pursuant to 28 U.S.C. § 3004(b)(2), which provides as follows:

> If the debtor so requests, within 20 days after receiving the notice described in section 3101 (d) or 3202 (b), the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides.

The government contends that transfer is not mandatory when read in the context of the entire Federal Debt Collection Procedure Act (the "Act"), 28 U.S.C. §§ 3001-3308, and that comity and the orderly administration of justice require that this Court retain the matter.

There are few decisions, and no controlling authority, regarding the transfer provision of section 3004. The plain language of the statute itself appears mandatory so that if the debtor makes a timely request then the action *shall* be transferred. *See* 28 U.S.C. § 3004 (b)(2). The government does not dispute the timeliness of Defendants' request as to the McClain Garnishment and the Harrington Bank Garnishment, and the Court finds that the requests were timely made within the 20 day window. Therefore, at issue is whether transfer is in fact mandatory once a timely request for transfer is made.

The government relies on the unpublished case of *United States v. Tedder*, No. 02-CR-0105-C-01, 2004 WL 415270 (W.D. Wis. Feb. 26, 2004), in which the court denied a transfer request under section 3004. In *Tedder*, the court concluded that section 3004 was preempted by other federal law pursuant to 28 U.S.C. § 3001(b), which provides that "[t]o the extent that another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter." *Id.* at *2. The court reasoned that by "giving sentencing courts continuing jurisdiction over defendants they have sentenced, Congress anticipated that the courts would supervise compliance with the judgments to which defendants are subject and take action at the government's request if a defendant is in default." *Id.* at *3. The court further relied on 28 U.S.C. § 3003(b), which provides that the Act "shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law . . . to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case[.]" *Id.* at *2.

In another case, the Sixth Circuit Court of Appeals ruled that the transfer language is mandatory and that a "district court must grant such a transfer as long as it is made in a timely

2

manner." *United States v. Nash*, 175 F.3d 440, 442 (6th Cir. 1999). The court recognized "compelling reasons" for the right to transfer venue to the jurisdiction in which the criminal defendant resides, such as the desire to avoid the inconvenience and undue financial hardship of traveling long distances to hearings. *Id.* at 443. Ultimately, however, the Court of Appeals affirmed the district court's garnishment order, finding that the denial of the motion to transfer was harmless error because (1) defendant received a hearing and opportunity to argue his claim, (2) defendant incurred no financial hardship in attending the hearing, and (3) the same federal law applied regardless of the district so the substantive outcome would have been the same in either court. *Id.* at 444. The *Nash* court did not address the interplay of sections 3001 and 3004 of the Act with Title 18.

The Court agrees with the *Tedder* court that section 3004(b)(2) must be considered in light of other provisions of the Act and Title 18 and that section 3001(b) provides an exception to the otherwise mandatory transfer language of section 3004(b)(2). As recognized in *Tedder*, sentencing courts have "an armada of options they may utilize upon a finding that a defendant is in default on a payment of a fine or restitution." *Tedder*, at *3 (citing 18 U.S.C. §§ 3611-3615). Similarly, the section of the Act setting forth a debtor's exemptions, 28 U.S.C. § 3014, while appearing absolute on its face, does not control in the case of a criminal debtor owing restitution. As discussed further in Section II, *infra*, 18 U.S.C. § 3613 limits those exemptions available under the Act to a criminal debtor owing restitution.

This is a criminal case and, although the government is permitted to use civil collection procedures, the Court must ensure that this case is administered pursuant to Title 18. Transfer of this action to the Middle District would be inconsistent with this Court's inherent and statutory

3

authority to enforce its own judgments. The collection phase of this case has not been straightforward, but rather has been contentious and complex with multiple, and many times repetitive, motions regarding interrelated issues, including a civil fraudulent transfer action in this district. The sentencing court, which has presided over this case to date, is in the best position to ensure that its judgment is enforced in an efficient manner using all means available under federal law.

Furthermore, section 3004(b)(2) is in the nature of a venue provision and is not jurisdictional. *See United States v. Walden*, 464 F.2d 1015, 1017 n.1 (4th Cir. 1972) ("[I]mproper venue is not a jurisdictional defect[.]"); *Vance Trucking Co. v. Canal Ins. Co.*, 338 F.2d 943 (4th Cir. 1964) ("Venue is a doctrine of convenience and is not jurisdictional[.]"). The "compelling reasons" for a right to transfer venue recognized in *Nash* are not present in this case: (1) Defendants have already claimed their exemptions and presented argument to this Court at the March 9th hearing on those exemptions; and (2) There is no inconvenience or undue financial hardship on Defendants to attend hearings in this Court. Mr. Woods is incarcerated in West Virginia and participates in hearings telephonically. Were he to be physically present, it would be at the government's expense and not his own. Mrs. Woods resides in Durham, North Carolina, approximately 25 miles from the federal courthouse in the Eastern District where the hearings in this case are held.

Finally, Defendants previously attempted a collateral attack in the Middle District on a writ of execution issued in this case, which was transferred to the Eastern District on the government's motion. *See Woods v. United States*, No. 1:09CV538 (M.D.N.C. Oct. 6, 2009). Magistrate Judge Sharp found that venue was proper in the Eastern District for the convenience of the parties and in the interests of justice, and his decision was adopted and affirmed by District Judge Osteen. *Id.* (Jan.

4

22, 2010 Order). The Middle District declined to entertain Defendants' challenge to the writ of execution in this case, and there is no indication that the result should or would be different here for the writs of garnishment. *See Schreiber v. United States*, No. 08-CV-731-PAB-KMT, 2009 WL 890688 (D. Colo. Mar. 31, 2009) (denying collateral attack on collection of restitution proceeding in Western District of Texas and noting that Texas court had retained jurisdiction and denied a transfer request, presumably made under 28 U.S.C. § 3004(b)(2)). The Defendants have presented no compelling reason to transfer this case to the Middle District, and the interests of judicial economy and the Court in enforcing its judgment support the Court's retention of this action. The Court **RECOMMENDS** that the Defendants' motion to transfer be **DENIED**.

## II.     Exemptions

Defendants attempt to claim numerous exemptions in response to the garnishments, including bankruptcy code exemptions under Title 11, state law exemptions, and federal law exemptions under 28 U.S.C. § 3014. The law is clear that the only exemptions available to a criminal debtor owing restitution are found in 18 U.S.C. § 3613(a), which provides as follows:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that—
>
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
>
> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>
> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

5

The plain language of subpart (2) excludes the section 3014 exemptions Defendants seek to claim. Subpart (3) places limits on the amount of disposable earnings that may be garnished, *see United States v. Lazorwitz*, 411 F. Supp. 2d 634, 637 n.2 (E.D.N.C. 2005), and is not at issue in this case as the government has apparently not attempted to garnish Ms. Woods's earnings. Therefore, the only exemptions available against the garnishments, pursuant to subpart (1), are found in 26 U.S.C. § 6334 and include (1) Wearing apparel and school books; (2) Fuel, provisions, furniture, and personal effects; (3) Books and tools of a trade, business, or profession; (4) Unemployment benefits; (5) Undelivered mail; (6) Certain annuity and pension payments; (7) Workmen's compensation; (8) Judgments for support of minor children; (9) Certain service-connected disability payments; and (10) Assistance under Job Training Partnership Act. *Id.* at 637. The Court finds that neither the rents paid by Phyllis McClain nor the funds in the Harrington Bank account fall under the exempted categories enumerated above.

At the hearing, Ms. Woods argued that garnishment of the Harrington Bank account is inequitable and that if the government were allowed to garnish her bank account, she would be forced to operate on a cash only basis. She also stated that she has a minimal income and significant medical expenses and bills as a cancer survivor and that she would be willing to provide bank statements to the government. The government countered that it would create an undue burden on it to have to review Ms. Woods's bank statements and investigate each transaction to determine the propriety of its source or destination.

The exemptions provide that Ms. Woods is entitled to retain a certain level of her disposable earnings. *See* 18 U.S.C. § 3613(a)(3) and 15 U.S.C. § 1673 (restricting garnishment of disposable earnings to roughly 25%); *United States v. Laws*, 352 F. Supp. 2d 707, 712 (E.D.Va. 2004). At the

6

hearing, the government noted that Ms. Woods had given money to Mr. Woods and to her adult children. Certainly, Ms. Woods is free to spend her exempt disposable income as she sees fit. While the government has not attempted to garnish Ms. Woods's earnings, were she to deposit her check into the Harrington Bank account, the garnishment would act as a *de facto* garnishment of those earnings. However, Ms. Woods in not required to deposit her earnings at Harrington Bank or any bank, and the Court finds nothing inherently inequitable in Ms. Woods essentially not having a bank account, if indeed that is her choice in light of the garnishment. Many people function without bank accounts. *See Nothing in the Bank*, U.S. News & World Report (Apr. 5, 2010), *available at* http://www.usnews.com/opinion/features/americans-without-bank-accounts. The Court agrees with the government that it would be unduly burdensome for it to scrutinize Ms. Woods's transactions to determine if there are monies in the Harrington Bank account other than exempt earnings. Further, if such money is discovered after it has already left the account, it would be difficult, if not impossible, for the government to recover. The Court concludes that the funds that are the subject of the Phyllis McClain and Harrington Bank garnishments are not exemptible, and the motion to quash the garnishments is **DENIED**.

### III.     Restitution Order

Defendants ask the Court to set aside the restitution order in this case. This issue has been raised and decided on appeal and in Defendants' section 2255 petitions. The Defendants' convictions and sentences were upheld by the Fourth Circuit Court of Appeals, *United States v. Woods*, No. 07-4485 (4th Cir. Oct. 8, 2008) & *United States v. Woods*, No. 09-6953 (4th Cir. Aug. 14, 2009), and Defendants' section 2255 petitions were dismissed by Chief Judge Flanagan on March 7, 2010. As this issue has already been decided, the Defendants' motion to set aside the

restitution order is **DENIED AS MOOT**.

Defendants also contend that the court ordered $100.00 monthly restitution payment should be the only avenue of recovery for the government and that the Harrington Bank and Phyllis McClain garnishments are precluded by the restitution order. Chief Judge Flanagan has previously rejected this argument, *see* Dec. 28, 2009 Order at 10 [DE-485], and this request is **DENIED AS MOOT**.

IV. **Petitioner Ella Woods**

Defendants were joined in this motion by Mr. Woods's mother, Ella Woods, who claims ownership of the property at 1108 Clarendon Street. The government asserts that Mr. Woods is the owner of that property and issued a writ of garnishment for the rents being paid for the property by Phyllis McClain, a tenant at 1108 Clarendon Street and Mr. Woods's sister. The ownership of the 1108 Clarendon Street property is a settled matter. Senior Judge Britt, in a civil fraudulent conveyance action, set aside the transfer of 1108 Clarendon Street to Ella Woods to the extent necessary to satisfy the debt to the government. *See United States v. Woods*, No. 5:07-CV-187-BR at 12 ¶ 1 (E.D.N.C. Dec. 10, 2008). Ella Woods has no interest in the 1108 Clarendon Street property and, consequently, has no standing to object to the garnishment. Ella Wood's objection to the writ of garnishment to Phyllis McClain is **DENIED**.

V. **Government Response to Motion for Hearing at Docket Entry #331**

Defendants ask the Court to strike as untimely the government's response to their motion for hearing at docket entry #331. That motion was denied without prejudice to re-file by Chief Judge Flanagan and, consequently, the request to strike the government's response is **DENIED AS MOOT**.
8

**VI.     Sale of Vacant Lots in Durham County, North Carolina**

Defendants claim that the government wrongly sold three vacant lots in Durham County, North Carolina and that they are entitled to the funds from the sale. Chief Judge Flanagan previously rejected this argument and denied the relief sought. *See Woods v. United States*, No. 5:09-MC-48 (E.D.N.C. Nov. 2, 2009). Accordingly, this motion is **DENIED AS MOOT**.

**VII.    Conclusion**

(1) The Court **RECOMMENDS** that Defendants' request for transfer to the Middle District [DE-460] be **DENIED**;

(2) Defendants' objections to the Phyllis McClain and Harrington Bank garnishments and request for exemptions [DE-460, 511] are **DENIED**;

(3) Petitioner Ella Woods objection to the Phyllis McClain garnishment of rents on the 1108 Clarendon Street property [DE-460] is **DENIED**;

(4) Defendants' motion to vacate the restitution order in this case [DE-460] is **DENIED AS MOOT**;

(5) Defendants' motion to strike the government's response to docket entry #331 [DE-460] is **DENIED AS MOOT**; and

(6) Defendants' motion to set aside the sale of the Durham County lots and recover the proceeds [DE-460] is **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain

error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 8th day of April, 2010.

DAVID W. DANIEL
United States Magistrate Judge