IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:05-CR-131-FL-1
NO. 5:05-CR-131-FL-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ISAAC LEE WOODS and ) | |
| REGINA BAILEY WOODS, ) | |
| ) | |
| Defendants. ) | |

This matter is once again before the court on numerous motions by *pro se* defendants. Defendants' motion to transfer (DE # 460) is before the court with benefit of a memorandum and recommendation ("M&R") of United States Magistrate Judge David W. Daniel, entered April 8, 2010. Defendants have filed objections and the government has not responded. The magistrate judge's order also disposed of a number of motions regarding this debt collection action which are not currently before the court. The remaining motions filed by defendants (DE ## 431, 445, 470, 486, 488, 499, 500, 514, 521, 527, 532, 541, 542, 543, 546, 548, 563) have not been addressed by the magistrate judge. Also pending is the government's motion to strike a pleading (DE # 517). The time to respond further to each of these motions has passed, and they are now ripe for adjudication.

**STATEMENT OF THE CASE**

The procedural posture of this case has been extensively documented in previous orders of the court, and there is no need to yet again provide such details here. It suffices for present purposes to recount that defendants were convicted of various criminal offenses in 2007 and were ordered to

pay restitution to the United States in the amount of $1,251,727.00, jointly and severally. Their convictions, sentences, and orders of restitution were affirmed by the Fourth Circuit. See United States v. Woods, 331 F. App'x 219 (4th Cir. 2009) (per curiam) (unpublished); United States v. Woods, 295 F. App'x 570 (4th Cir. 2008) (per curiam) (unpublished).

Following the convictions and orders of restitution, the government sought to collect the restitution owed by defendants. In a separate civil proceeding, the court voided certain improper transfers of property to the extent necessary to satisfy the debt to the United States. United States v. Woods, No. 5:07-CV-BR (E.D.N.C. Dec. 10, 2008), aff'd No. 09-1296, 2009 WL 3157650 (4th Cir. Sept. 30, 2009) (per curiam) (unpublished). The government also continued to collect on the judgment pursuant to the procedures of the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001-3308. Although defendants have resisted the government's efforts, believing them to be an improper extension of their criminal case, the Fourth Circuit recently affirmed this court's orders allowing the government to proceed in this docket, without filing a separate civil action. See United States v. Woods, Nos. 09-8004, 10-6039, 2010 WL 1849237 (4th Cir. May 7, 2010) (per curiam) (unpublished).

## DISCUSSION

A.  Defendants' Motions to Transfer

The court first addresses defendants' motion to transfer this matter to the Middle District of North Carolina. This motion is premised on 28 U.S.C. § 3004(b), which states that, upon timely request by the debtors, "the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides." Despite the plain language of the statute, the magistrate judge recommends denying defendants' motion, reasoning that § 3004(b)(2) must be read in light of other provisions in the FDCPA which provide (1) that "[t]o the

2

extent that another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with [the FDCPA]," id. § 3001(b), and (2) that the FDCPA "shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law . . . to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case," id. § 3003(b)(2).

The magistrate judge, agreeing with the court in United States v. Tedder, No. 02-CR-0105-C-01, 2004 WL 415270 (W.D. Wis. Feb. 26, 2004), found that transfer of the case to the Middle District would be inconsistent with the court's inherent and statutory authority to enforce its own judgments. Moreover, the magistrate judge noted that § 3004(b)(2) is a venue provision and is not jurisdictional. The magistrate judge found that defendants had already presented argument to this court without inconvenience or financial hardship. The magistrate noted that, where the Middle District, in a collateral attack on the writs at issue here, had previously determined that venue is proper in this district for reasons of the convenience of the parties and in the interests of justices, see Woods v. United States, No. 1:09-CV-538 (M.D.N.C. Oct. 6, 2009; Jan. 22, 2010), it would not serve the interests of justice to transfer this matter to that court.

Defendants lodge a number of objections to the M&R. This court reviews *de novo* those portions of an M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718

3

F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

Many of defendants' objections seek to raise arguments that have already been rejected by this court and the Fourth Circuit.[1] Defendants do make two specific and colorable objections to the M&R, however, which the court considers *de novo*. First, acknowledging that § 3004(b) is a venue provision, defendants argue that venue in what they contend to be a criminal case is a constitutional right and must be proper in all stages of a proceeding for the court to maintain jurisdiction. Second, defendants argue that if the FDCPA is somehow inconsistent with a distinct federal statutory scheme for the collection of restitution, the government cannot be allowed to pick and choose which portions of which statute it applies, but must instead decide between them.

Defendants' venue argument is premised on United States v. Stewart, 256 F.3d 231 (4th Cir. 2000) and United States v. Walden, 464 F.2d 1015 (4th Cir. 1972). The holdings of these cases are recognitions of the constitutional right of defendants to be prosecuted in the district in which the criminal offense for which they are charged was committed. See Stewart, 256 F.3d at 238 (quoting U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI; Fed R. Crim. P. 18); Walden, 464 F.2d at 1017 & n.3 (same). The instant case, by contrast, is a civil debt collection action on an order of restitution entered pursuant to defendants' conviction, and the constitutional guarantees noted in those cases do not apply. At any rate, this court has already determined the venue is proper in this district, see United States v. Woods, No. 5:07-CV-187-BR, 2008 WL 2115130, at *1 (E.D.N.C. May 16, 2008),

---

[1] For example, this court and the appeals court have already addressed defendants' arguments (1) challenging collection of restitution outside the schedule set by the court, (2) collaterally attacking the restitution order itself by claiming that the government suffered no loss from defendants' criminal conduct, and (3) disputing the court's jurisdiction to void the transfer of property in No. 5:07-CV-BR.

4

the Middle District has concurred, see Woods v. United States, No. 1:09-CV-538 (M.D.N.C. Oct. 6, 2009; Jan. 22, 2010), and defendants do not challenge venue as to their underlying conviction.

Defendants' second argument is that the government either (1) may not use the FDCPA at all because 18 U.S.C. §§ 3613 and 3664(f)(2) are the exclusive procedures for collecting on an order of restitution, or (2) may not use the FDCPA while also substituting provisions from other federal laws. Each of these arguments is foreclosed by the plain language of the relevant statutes. The former is unavailing because § 3613(a) states that "[t]he United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law," 18 U.S.C. § 3613(a), which would of course include the FDCPA. The latter is unavailing because the plain language of § 3001(b), which explicitly provides that "[t]o the extent that another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter," 28 U.S.C. § 3001(b) (emphasis added), authorizes application of a hybrid system.

Accordingly, after a *de novo* review of those portions of the M&R to which specific objections have been made, the court OVERRULES the objections of defendants, ADOPTS the reasoning of the magistrate judge as its own (DE # 565), and DENIES defendants' motion to transfer (DE # 460). Defendants' second motion to transfer (DE # 470) is DENIED AS MOOT in light of this disposition.

B.  Government's Motion to Strike

The court next addresses the government's motion to strike a letter filed under seal by counsel for defendant Regina Woods. That motion is brought pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, which allows the court to strike from a pleading "any redundant,

5

immaterial, impertinent, or scandalous matter." The government contends that the letter is immaterial and inadmissible under Rule 408 of the Federal Rules of Evidence because it is offered as evidence of settlement negotiations. Defendants, proceeding *pro se*,[2] admit that the letter is evidence of settlement negotiations, but contend that it is permissible under Rule 404(b).

Contrary to defendants' assertions, the court can surmise no permissible purpose for the evidence of settlement negotiations. The weight of the authority, however, counsels against striking possibly impermissible Rule 408 evidence from the docket when neither party is even relying on the entry in furtherance of any claim before the court. See, e.g., North Face Apparel Corp. v. Williams Pharmacy, Inc., No. 4:09-CV-2029, 2010 WL 546318, at *2 (E.D. Mo. Feb. 9, 2010); Peace Software, Inc. v. Haw. Elec. Co., Inc., No. 09-00408, 2009 WL 3923350, at *8-9 (D. Haw. Nov. 17, 2009); B.W.P. Distribs. v. OE Plus, Ltd., No. 07-CV-9588, 2009 WL 1154102, at *11 (S.D.N.Y. Mar. 31, 2009). Accordingly, the government's motion to strike (DE # 517) is DENIED. Of course, to the extent the letter itself (DE # 511) does seek any relief, it must also be DENIED for failure to conform to the local rules, which require relief to be sought through pleadings and motions with supporting memoranda, not unsupported letters addressed to the court. See Local Civil Rules 7.1, 7.2, and 10.1.

C.  Motions for Judicial Notice

Defendants request the court take judicial notice of the fact that (1) Durham, North Carolina is located in the Middle District of North Carolina; (2) neither any alleged investor nor the Department of Housing and Urban Development submitted a loss affidavit or any proof of a loss via a cancelled check or wire transfer documents; and (3) *pro se* pleadings are to be construed liberally.

---

[2] It does not appear from the docket that defendant Regina Woods responded to the government's motion through her appointed counsel, who submitted the letter to the court, in any separate filing.

6

Where defendants in fact seek to challenge the order denying their motion to transfer, the restitution order entered in their criminal case, and the general construction of defendants' numerous meritless filings in this matter, these motions (DE ## 431, 445, 486, 527) are DENIED.

D.      Motion for Leave to Unseal and for Grand Jury Statements

Defendants seek leave to unseal certain documents initially sought by their trial counsel during their criminal case. This motion was denied by the court on May 18, 2006. Defendants have already made at least one post-conviction motion for these documents, on February 2, 2009, and were advised by the magistrate judge, this court, and the Fourth Circuit to use the proceedings outlined in 28 U.S.C. § 2255 insofar as the motion challenged the court's trial determination. Defendants complied by moving to vacate their sentences on November 1, 2009. The court denied their motions on March 8, 2010, and an appeal is currently pending. Where the instant motion for leave to unseal does not give the court a basis for reconsidering its earlier orders, and where defendants either did or could have but did not challenge such orders in the § 2255 petitions now on appeal before the Fourth Circuit, that motion (DE # 499) is DENIED.

E.      Motion for Recusal

Defendants once again seek recusal of the undersigned. The undersigned did elect to recuse herself on her own motion in that part of the government's collection efforts seeking to void the transfer of certain properties, in furtherance of the prompt closure of that case and the efficient administration of justice. See United States v. Woods, 5:07-CV-187-BR, slip op. at 4 (Apr. 11, 2008). However, defendants' own numerous attempts seeking the undersigned's recusal have never been supported by fact or law, and have accordingly been repeatedly denied. The current iteration of this motion (DE # 514), which also seeks the recusal of Magistrate Judge Daniel and Assistant

United States Attorney S. Katherine Burnette, likewise is without basis in law or fact and accordingly is DENIED.

F. Motion for a Stay Pending Appeal

Defendants' motion for a stay pending appeal is not supported by legal authority and does not comply with the local rules of this court, and is DENIED AS MOOT where the relevant appeal has been decided. See United States v. Woods, Nos. 09-8004, 10-6039, 2010 WL 1849237 (4th Cir. May 7, 2010) (per curiam) (unpublished). Defendants' motion to receive written notice of all hearings (DE # 541), which seeks a continuance of a hearing scheduled for March 9, 2010, and motion to attend that hearing via video teleconference (DE # 542) are likewise DENIED AS MOOT where the hearing at issue has already occurred.[3]

G. Motions Challenging Government's Debt Collection Efforts Generally

A number of defendants' motions seek to call into question the ability of the government to engage in civil debt collection in this docket. For example, defendants seek (1) a protective order relating to the government's use of materials from the deposition of defendant Regina Woods; (2) an order staying any effort by the United States Attorneys Office from taking any action with regard to the restitution order; (3) an order requiring that office to cease any investigation of acts occurring outside this District. These issues have already been decided by this court and affirmed by the court above, see United States v. Woods, Nos. 09-8004, 10-6039, 2010 WL 1849237 (4th Cir. May 7, 2010) (per curiam) (unpublished), and defendants offer no legal or factual basis for reconsideration

---

[3] If the magistrate judge holds any further hearings pursuant to the FDCPA, as set forth below in the court's order of assignment, defendants may of course re-raise these issues as they relate to such further hearings.

of the court's order. Accordingly, the various motions re-raising these issues (DE # 521, 532, 543) are DENIED.

H.  Remaining Motions

Defendants' motion to quash subpoenas issued to BB&T and Bank of America (DE # 500), motion for return of property (DE # 546), motion to quash subpoena for oral deposition issued to Charles Bailey, Klarissa Woods, Leo McClelland, and Jocene McClelland (DE # 548), and motion for sanctions (DE # 563) all fall within the scope of this court's order entered December 28, 2009, in which the court assigned on a continuing basis its duties in this matter as they relate to the FDCPA to the magistrate judge. See 28 U.S.C. § 3008 ("A district court . . . may assign its duties under this chapter to a United States magistrate judge to the extent not inconsistent with the Constitution and laws of the United States."). Accordingly, these motions are ASSIGNED to Magistrate Judge David W. Daniel for disposition.

**CONCLUSION**

For the foregoing reasons, the court:

(1)  ADOPTS the magistrate judge's M&R (DE # 565) over the objection of defendants; DENIES defendants' motion to transfer (DE # 460); and DENIES AS MOOT defendants' second motion to transfer (DE # 470);

(2)  DENIES the government's motion to strike (DE # 517); and also DENIES any relief sought by defendants in the letter asked to be stricken (DE # 511);

(3)  DENIES defendants' motions for judicial notice (DE ## 431, 445, 486, 527);

(4)  DENIES defendants' motion to unseal (DE # 499);

(5)  DENIES defendants' motion for recusal (DE # 514);

(6) DENIES AS MOOT defendants' motion for a stay pending appeal (DE # 488), motion to receive written notice of all hearings (DE # 541), and motion to attend that hearing via video teleconference (DE # 542);

(7) DENIES defendants' motions for a protective order (DE ## 521, 532) and motion for an order requiring the United States Attorney for the Eastern District of North Carolina to cease investigation and prosecution of defendants (DE # 543); and

(8) ASSIGNS the remaining motions (DE ## 500, 546, 548, 563) pursuant to the FDCPA to Magistrate Judge David W. Daniel for disposition.

SO ORDERED, this the 15th day of June, 2010.

_____
LOUISE W. FLANAGAN
Chief United States District Judge